JOHN NOWELL, *Pet'r for Review, versus* ABRAHAM SANBORN.

There is no provision in our statute in direct terms, as in Massachusetts, that "if judgment is recovered against several defendants in the original action, any one or more of them may review the cause, in like manner as if he or they had been the only defendants therein."

Whether s. 10 of ch. 124, which provides that "The party prevailing in the review shall recover his costs, but this shall not prevent the court, when granting a review on petition, from imposing on him such terms as to costs as they may deem reasonable;" may be considered as a substitute —QUERE.

Where the petitioner in review, being one of several joint defendants, defaulted in the original suit, files a bond of indemnity against damages and costs, it may be a sufficient protection to his associates to entitle him to a writ of review.

PETITION FOR REVIEW.

ON EXCEPTIONS to the rulings of APPLETON, J.

The petitioner proved by the records of the court that the respondent sued out his writ of attachment against Ebenezer H. Scribner, Daniel H. Weeks, and said Nowell, as former partners, under the name and style of Scribner, Weeks & Co., on a note signed by Scribner, Weeks & Co., returnable to the January term, 1853, of said court, (and that return of service was made thereof as alleged in said petition;) that the respondent recovered judgment against said Scrib-

ner, Weeks and Nowell, on default, they making no appearance at said January term.

The respondent moved that the petition be abated or quashed by the court, because it was brought by said Nowell, one of said defendants, alone, and not by all of said defendants. The court overruled the motion. Other testimony was introduced by the petitioner, to show that he had no notice of the action, and was not a partner of Scribner & Weeks.

The court granted the review.

To this ruling of the court the respondent excepted.

*Rowe & Bartlett,* counsel for the petitioner.

The statute of 1821, ch. 57, ss. 1 and 3, authorizes the party aggrieved by any judgment to petition for a review.

Where there are several defendants, one of them may be the only party aggrieved. The judgment may be in favor of the other defendants, or, as in this case, it may be for the interest of the other defendants to have their co-defendant, who is not in law liable, held jointly with them to satisfy their debt.

R. S., ch. 123, s. 1, is more liberal, and uses broader terms than the statute of 1821 : " whenever the court shall judge it reasonable, and for the advancement of justice, without being limited to particular cases," a review may be granted.

There is nothing in the statute restricting the right to petition for, or the power to grant reviews, to cases where all the defendants unite in the application.

Nor is there any such restriction in cases where a review is a matter of right. By R. S., ch. 115, ss. 3 and 7, it is provided in certain cases where the defendant has been defaulted, not having had notice of the suit, that he shall be entitled to a review as of right. Can it be contended, that one of several defendants would be deprived of this right, by the fact that his co-defendant had notice ?

In the case of *Emerson and three others, plaintiffs, in review,* v. *Potter and wife,* 1 Mass. R., 482, one of the defend-

ants in the original review, Emerson, brought the review without the consent of his co-defendants. The question of his right to do so, was not raised in that case, nor to our knowledge in any other.

*A. Sanborn, pro se.*

The defendant, in review as plaintiff, in the original action recovered judgment against said John Nowell, E. H. Scribner, and D. H. Weeks, in the Supreme Judicial Court, January term, 1853.

And now John Nowell, one of said defendants, alone, without joining his co-defendants, brings this petition to review the action. Can he maintain it? Is he entitled to the review?

The statute of this state, in force when this petition was instituted, provided, " that no more than one review shall be granted in the same action." R. S. of 1840, ch. 124, s. 5. And the statute now in force has substantially the same provision. R. S. of 1857, ch. 89, s. 1.

Now, if one of several defendants may maintain his sole and several petition for review, each one of the other defendants may severally do the same thing, since all have equal rights, and there may be as many reviews of the same action as there are defendants, and the same is true of plaintiffs. This would be in manifest contravention of the statute provisions aforesaid.

The statute of Massachusetts, by special provision, authorizes any one or more of several defendants to review an action. S. of 1835, ch. 99, s. 16.

The statutes of this state have been revised twice since 1835, once in 1840, and once in 1857, without any similar enactment. And it would seem that this repeated exclusion thereof from the statutes, is conclusive that the legislature deliberately intended to withhold and deny such authority.

This court has substantially decided that one of several defendants, or one of several plaintiffs, cannot solely and severally review an action, in *Elwell* v. *Sylvester*, 27 Maine R., 538. SHEPLEY, J., in giving the opinion of the court, says,

Nowell *v.* Sanborn.

" there is no provision in the statute for the introduction of a new party." " Proceedings between the same parties only are contemplated by the statute." It follows, necessarily, that *all* the defendants, or *all* the plaintiffs, must join in a petition for review, or it will not be granted. The omission of one of the original parties is as fatal as the introduction of a new party. In either case, the review would not be between the parties to the original action. It is not too late to make the objection now. *Hall* v. *Walcott*, 10 Mass. R., 219.

CUTTING, J. In the original suit judgment was recovered on default against three individuals, alleged to have been co-partners and joint promissors, of whom the petitioner was one, who now claims a review of that action under R. S., ch. 123, s. 1, giving this court authority to grant reviews, " whenever they shall judge it reasonable, and for the advancement of justice, without being limited to particular cases."

It was contended at the hearing that one of several defendants could not maintain a petition for review in his own name ; but the judge ruled otherwise.

By ch. 124, ss. 6 and 7, an action of review is to be tried on the issue joined in a former suit, or if the former judgment was rendered on default, the proper pleadings are to be made ; consequently the original parties must be made the actors. *Elwell* v. *Sylvester*, 27 Maine R., 536.

It appears that two of the original defendants were duly summoned, who, together with the petitioner, were defaulted at the return term. The latter alleges that he had no notice of the pendency of that suit, and was aggrieved by that proceeding, of which fact the judge presiding, it would seem, was fully satisfied. But it is now contended that he is without relief, because the other two do not think proper to join him in his petition, being content, it is presumed, with the judgment as originally rendered, since they have the aid of a stranger to the contract in contributing towards its dis-

Nowell *v.* Sanborn.

charge. To deny the prayer of the petitioner for such cause would leave him wholly without remedy.

On the other hand it may be said that the two debtors are not responsible for the wrong joinder of the third, and that it would operate a hardship to bring them again into court, and compel them, as co-plaintiffs in review, to defend the original suit, which might subject them to additional damages and costs. Our statutes, since the separation, have made no provision, in direct terms, for such a contingency. It has been otherwise in the parent state from 1786 to the present time. Mass. R. S. of 1836, ch. 99, s. 16, provides that, "If judgment is recovered against several defendants in the original action, any one or more of them may review the case, in like manner as if he or they had been the only defendants therein; and if the sum recovered in the original suit for debt or damages shall be increased or reduced on the review, the court shall take such order respecting the further proceedings as shall be necessary to carry into effect the two judgments, according to the rights of the different parties." Under a similar statute was the decision in *Emerson* v. *Pattee*, 1 Mass. R., 485.

What occasioned the omission of a similar section in our statute it is diffiult to perceive, unless s. 10 of ch. 124 may be considered as a substitute, which provides that " the party prevailing in the review shall recover his costs, but this shall not prevent the court, when granting a review on petition, from imposing on him such terms as to costs as they may deem reasonable." But this provision only refers to the subject matter of costs, and does not authorize the court to impose terms as to the increase of damages. We have serious doubts as to the correctness of the judge's ruling, and think that further legislation may become necessary to enable the court, as in Massachusests, to do exact justice to the different parties. This case, however, may constitute an exception. Here the two original defendants, who do not appear, were originally defaulted, and judgment was rendered on the amount of the plaintiffs claim in his writ, and on the

review they will probably submit to a like disposition; consequently they will suffer nothing from an increase of damages, and may only be liable to an increase of cost. And we perceive in the petition a prayer for a supersedeas of the execution which could be granted only upon condition that he had filed in court the statute bond, which might be an ample indemnity against both damages and costs, so far as it concerns the petitioner's associates. As to that fact, however, we are not judicially informed, otherwise than, perhaps, we are authorized to infer it from the absence of any adjudication as to costs. At all events the excepting party here has no occasion to trouble himself respecting the joint or several liabilities of the other party.

*Exceptions overruled.*